UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MICHAEL J. PATTERSON                                                              PETITIONER

v.                                                                  CIVIL ACTION NO. 3:11CV-P498-H

UNITED STATES OF AMERICA                                                         RESPONDENT

### MEMORANDUM OPINION

Petitioner Michael J. Patterson, *pro se*, initiated this action by filing a petition for writ of mandamus in his criminal action, Criminal Action No. 1:08CR-11-R, wherein, on September 5, 2008, Petitioner was convicted of Travel in Interstate Commerce to Engage in Illicit Sexual Conduct. He was sentenced to 46 months imprisonment and 10 years of supervised release. Because the mandamus petition asserted a separate civil action, the petition was opened as the current civil action.

In his petition, Petitioner sought "to compel the Federal Bureau of Prisons to release the Federal Detainer currently lodged against him with the Kentucky State Department of Corrections." Petitioner stated that he was incarcerated on a seven-year sentence at the Luther Luckett Correctional Complex. He stated that an order was entered in his criminal action allowing his 46-month federal sentence to be served concurrently with his state sentence. Petitioner stated, however, that the Bureau of Prisons still maintained a detainer against him. Petitioner stated, "Due to the hold by the Federal Bureau of prisons, when Mr. Patterson is paroled or otherwise released from State Prison, he will be transported to a Federal facility to begin service of his sentence."

The United States filed a response to the petition stating that, while Petitioner was serving his federal sentence concurrently with his state sentence, the detainer ensures that if Petitioner is released from state custody he will be returned to federal custody in order to be processed to begin his term of supervised release.  The United States argued that the petition should be dismissed because Petitioner failed to exhaust his administrative remedies before seeking judicial review.

Based on a review of the docket in Criminal Action No. 1:08CR-11-R, Petitioner has now been released from custody and is serving his term of supervised release.

It is axiomatic that federal district courts are courts of limited jurisdiction.  *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  The doctrine of mootness is a jurisdictional question.  *Allen v. Wright*, 468 U.S. 737, 750 (1984).  A case becomes moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.  *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980).  Mootness has been characterized as "the doctrine of standing set in a time frame." *Arizonans for Official English v. Arizona,* 520 U.S. 43, 68 n.22 (1997).  In other words, for a case to continue through the court system, it must continually possess what was required for the case to begin--a justiciable case or controversy as required by Article III.  *See*, *e.g.*, *Briggs v. Ohio Elections Comm'n*, 61 F.3d 487, 492 (6th Cir. 1995) ("Under Article III, [a court] 'may only adjudicate actual, ongoing controversies.'") (quoting *Honig v. Doe*, 484 U.S. 305, 317 (1988)).

Because Petitioner has now been released from state custody and a federal detainer can no longer be maintained against him, Petitioner's mandamus petition is now moot. Therefore, the petition for writ of mandamus will be dismissed for lack of subject-matter jurisdiction by separate Order.

Date:

cc:     Petitioner, *pro se*
        Counsel of record
4412.010